UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO SALDANA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-19 |
| | § | |
| SOUTH TEXAS LIGHTHOUSE FOR | § | |
| THE BLIND, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion to Remand for lack of subject matter jurisdiction in the above-styled action. (D.E. 3.) For the reasons discussed below, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. Three of Nueces County, Texas, where it was originally filed and assigned Case No. 09-62484-3. The Court defers to the state court for Plaintiff's request for attorney's fees and costs.

### I.      Factual and Procedural Background

Plaintiff Geraldo Saldana's Original Petition alleges that he "was a long time and faithful employee of Defendant who was diagnosed with a disability that his employer refused to accommodate, ultimately forcing him to take constructive discharge." (D.E. 1, Exh. 4.) Plaintiff claims that after being diagnosed with a disability, Defendant "intentionally classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-disabled employees similarly situated in violation of Texas Labor Code." (D.E. 1, Exh. 4.)

Plaintiff's Original Petition was filed on December 17, 2009 and served on Defendant on December 22, 2009. (D.E. 1, p. 2.) Plaintiff is a Texas resident and Defendant is a non-profit corporation "organized under the laws of the State of Texas." (D.E. 1, Exh. 4). Defendant timely filed a notice of removal on January 19, 2010, seeking to remove this case on the basis of federal question jurisdiction. (D.E. 1.) The Original Petition's "Nature of Action" section explains, "[t]his is an action under Chapter 21 of the Texas Labor Code . . . to correct unlawful employment practices on the basis of disability." (D.E. 1, Exh. 4.) The Original Petition makes no mention of any federal cause of action. (D.E. 1, Exh. 4.) In the "Fact" section of the Original Petition, Plaintiff explains that he has "timely filed a charge of discrimination" with both the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division. (D.E. 1, Exh. 4.) The original charge of discrimination included factual allegations and a statement that Plaintiff "believe[s] that [he] was discriminated in violation of the Americans with Disabilities Act." (D.E. 1, Exh. 4.)

## II.   Discussion

### A.   General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in

favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

### B. Federal Question Subject Matter Jurisdiction

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." Hart v. Bayer Corp., 199 F.3d, 239, 243 (5th Cir. 2000) (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)). "The plaintiff is thus the master of her complaint," free to choose the claims she wishes to bring. Carpenter, 44 F.3d at 366. Where a plaintiff has a choice between federal and state law claims, he "may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." Id.

A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of action. Id.; see also Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986). This Court has no discretion to retain a case over which it lacks

subject matter jurisdiction. 28 U.S.C. § 1446 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### C. The Court Lacks Federal Question Jurisdiction Over This Case

Defendant's notice of removal asserts that this Court has federal question jurisdiction over this action because: (1) Plaintiff generally alleges "a violation of federal law," and (2) "Plaintiff has invoked administrative remedies afforded under federal law." (D.E. 1, p. 1.) This Court considers both of these arguments below.

#### 1. Plaintiff's Original Petition Does Not Assert a Federal Claim

First, Defendant argues that Plaintiff's Original Petition "generally" alleges a violation of federal law. (D.E. 1.) "To support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal." Carpenter, 44 F.3d at 366. Plaintiff asserts that its Original Petition "makes specific allegations solely invoking and arising under the Texas Labor Code." (D.E. 3, p. 2.) Indeed, paragraph 8 of the Original Petition shows that the nature of this action arises "under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq.," not federal law.[1] (D.E. 1, Exh. 4, p. 2.) Furthermore, the Original Petition does not mention any federal cause of action. (D.E. 1, Exh. 4.)

It is the Plaintiff's choice whether to pursue a federal claim. See Carpenter, 44 F.3d at 366 ("A plaintiff with a choice between federal- and state-law claims may elect to

---

[1] Specifically relevant to this action is Texas Labor Code § 21.051, which states, "An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer (1) fails or refuses to hire an individual . . . or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee . . . for employment in a manner that would deprive . . . an individual of any employment opportunity."

proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.") (internal citations omitted). In this case, Plaintiff has chosen to pursue this action solely under state law.[2] Plaintiff bears the risk that his potential federal claims will later be precluded. Carpenter, 44 F.3d at 366. However, by asserting only state law claims, Plaintiff has also "defeat[ed] the defendant's opportunity to remove" this action. Id. This Court finds that Defendant has failed to locate any federal cause of action presented by Plaintiff's pleadings and, thus, has failed to "locate the basis of federal jurisdiction." See Id.

### 2. Plaintiff's EEOC Charge Does Not, By Itself, Assert a Federal Claim

Second, Defendant argues that this Court has federal jurisdiction because "Plaintiff has invoked administrative remedies afforded under federal law." (D.E. 1, p. 1.) Specifically, Defendant is referring to the original charge Plaintiff filed with the EEOC and the Texas Workforce Commission. (D.E. 1, Exh. 4.) That charge makes several factual allegations of discrimination and includes the sentence, "I believe that I was discriminated in violation of the Americans with Disabilities Act." (D.E. 1, Exh. 4.) Defendant argues that because Plaintiff only cited federal law in his administrative

---

[2] Defendant does not argue that Plaintiff has engaged in the type of "artful pleading" whereby his state claims are actually asserting an exclusive federal claim. The artful pleading doctrine represents a narrow exception to the rule that the plaintiff is a master of his own complaint. See Carpenter, 44 F.3d at 366 ("This doctrine represents a narrow exception.") Only in very limited circumstances, where, for example, Congress intended federal courts to have exclusive jurisdiction, has this exception been applied. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (finding exclusive federal jurisdiction for certain ERISA actions because it was Congress' intent). This Court's analysis finds that the employment discrimination action brought by Plaintiff is not the type of action Congress intended federal courts to have exclusive jurisdiction, and these actions may be brought under state law. See Lukawski v. Flight Safety Tex., Inc., 2009 U.S. Dist. LEXIS 72862, *6 (N.D. Tex. 2009) (remanding discrimination case brought under Texas Labor Code where there is no federal claim); Rodriguez v. Conagra Foods, 2002 U.S. Dist. LEXIS 21894 at *6 (N.D. Tex. 2002) (same); Garcia v. Rainbo Baking Co., 18 F. Supp 2d. 683, 689-90 (same). Thus, this Court finds that this narrow exception does not apply.

charge, that Plaintiff may not have "satisfied the administrative prerequisite to maintain suit in state court." (D.E. 4, p. 4.)

Timely filing a discrimination charge with the appropriate administrative body is a prerequisite to bringing a federal or state civil action of discrimination. See TEX. LAB. CODE § 21.254 ("Within 60 days after the date the right to file a civil action is received, the complainant may bring a civil action against the respondent."); see also 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed . . . or if within one hundred and eighty days from the filing of such charge . . . a civil action may be brought against the respondent . . . by the person claiming to be aggrieved."). To satisfy this requirement under Texas law, the original charge need not specify the legal basis for relief. TEX. LAB. CODE § 21.201(c); see Williams v. Northrop Grumman Vought, 68 S.W.3d 102, 109 (Tex. App. -- Dallas 2001). Even if the original charge only mentions federal law and does "not reference state employment discrimination laws," that charge may still satisfy the burden of timely filing a discrimination charge under Texas law. Westbrook v. Water Valley Indep. School Dist., 2006 Tex. App. LEXIS 3845, *2 (Tex. App. -- Austin 2006) (finding that plaintiff's discrimination charge, which only cited federal law, fully exhausted the administrative remedies necessary to file state discrimination claim); see Rodriguez, 2002 U.S. Dist. LEXIS 21894 at *6 (remanding state employment disability discrimination case where Plaintiff's original EEOC charge made allegations of violating "the Americans with Disabilities Act" without reference to state law). All that is generally required is that the plaintiff indicates his desire to have the charge filed with the state agency. Id. at *6 (citing Vielma v. Eureka Co., 218 F.3d 458, 462-63 (5th Cir. 2000)). A right to sue letter from that agency serves as evidence that the

plaintiff exhausted his administrative remedies and may now bring a state action of discrimination in state court. Id. at *10 (citing Rice v. Russell-Stanley, L.P., 131 S.W.3d 510, 513-14 (Tex. App. -- Waco 2004)).

In this case, Plaintiff's original charge of discrimination specifically references the EEOC and the Texas Workforce Commission. (D.E. 1, Exh. 4.) Plaintiff received a right to sue letter from both agencies. (D.E. 1, Exh. 4.) By limiting the causes of action in his Original Petition to state discrimination claims, Plaintiff "exercised his option to sue on the state-law claim only." Rodriguez, 2002 U.S. Dist. LEXIS 21894 at *6 (citing Caterpillar, 482 U.S. at 392 n.7; Lamb v. Laird, 907 F. Supp. 1033, 1035 (S.D. Tex. 1995)). The federal law cited in Plaintiff's administrative charge does change the nature of the action. See, e.g., Rodriguez, 2002 U.S. Dist. LEXIS 21894 at *6 ("Defendant's argument that the EEOC charge magically transforms plaintiff's petition into one asserting federal claims lacks merit."); Westbrook, 2006 Tex. App. LEXIS 3845 at *2 (upholding state discrimination claim even though original charge filed with the EEOC only cited federal law).

Thus, this Court finds that both of Defendant's arguments lack merit and that Defendant has failed to meet its burden to "locate the basis of federal jurisdiction." See Carpenter, 44 F.3d at 366; Rodriguez, 2002 U.S. Dist. LEXIS 21894 at *5. Accordingly, this Court finds that it lacks subject matter jurisdiction to hear this case.

### III. Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action and therefore GRANTS Plaintiff's Motion to Remand. (D.E. 3.) This case is hereby REMANDED pursuant to 28 U.S.C. §

1447(c) to the County Court at Law No. Three of Nueces County, Texas, where it was originally filed and assigned Case No. 09-62484-3. The Court defers to the state court for Plaintiff's request for attorney's fees and costs.

SIGNED and ORDERED this 8th day of February, 2010.

_____
Janis Graham Jack
United States District Judge